**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **J.T.B.K. Fishing Corp.,**<br>**Plaintiff,**<br><br>**v.**<br><br>**Walther Mejia Moreno,**<br>**Defendant.** | **Civil Action No. ______________________** |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, J.T.B.K. Fishing Corp. ("Plaintiff" or "JTBK"), in the above-entitled action, by and through its attorneys, Holbrook & Murphy, and respectfully files this Complaint for Declaratory Judgment as follows:

## PARTIES

1. The Plaintiff, J.T.B.K. Fishing Corp., is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and has a principal place of business at 113 MacArthur Drive, New Bedford, Massachusetts 02740.
2. At all relevant times, J.T.B.K. Fishing Corp. was the owner and operator of the F/V COOL CHANGE ("Vessel"), O.N. 1108160, a 66' commercial fishing vessel.
3. The Defendant, Walther Mejia Moreno ("Defendant" or "Moreno"), upon information and belief, is an individual residing at 98 Libra Drive, New Bedford, Massachusetts 02745.

## JURISDICTION

4. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

5. This case reflects an actual controversy between the Parties because Moreno demands maintenance and cure under the General Maritime Law of the United States and JTBK, having fully satisfied it obligation, is no longer responsible for his maintenance and cure.
6. Moreno's claim against JTBK for maintenance and cure under the General Maritime Law is an Admiralty and maritime claim under 28 U.S.C. § 1333(1) and Fed. R. Civ. P. 9(h).
7. JTBK seeks declaratory relief to the effect that it is no longer responsible for Moreno's maintenance and cure under the General Maritime Law because Moreno has been issued a fit-for-duty slip, without restrictions.
8. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b)(1), §1391(b)(2), §1391(c)(1), and the General Maritime Law.

**FACTUAL ALLEGATIONS**

9. On or about November 17, 2025, Moreno was a member of the Vessel's crew.
10. Moreno alleges that, on or about November 17, 2025, he sustained personal injuries while serving as a member of the Vessel's crew.
11. By letter dated December 30, 2025, JTBK received formal notice from Moreno's counsel regarding a potential claim for damages and a demand for maintenance and cure.
12. On January 8, 2026, the Plaintiff received a referral order for Physical Therapy.
13. By letter dated January 9, 2025, counsel for JTBK requested any and all medical records relating to injuries from the alleged incident, as well as any and all living-expense receipts.
14. On February 10, 2026, the Plaintiff commenced paying maintenance benefits, backdated to November 17, 2025.

15. As of March 11, 2026, the Defendant had not scheduled an initial physical therapy appointment and had not returned any calls from the physical therapist's office.
16. On March 11, 2026, the Defendant cancelled, and did not reschedule, a follow-up visit with an Orthopedic doctor that had been scheduled for the following day.
17. By letter dated March 12, 2026, the Defendant was informed that maintenance benefits would be suspended if the Defendant failed to attend prescribed medical treatments without reasonable explanation.
18. By letter dated March 19, 2026, Moreno's counsel stated that he had spoken with Moreno concerning maintenance benefits, and that Moreno would reschedule the appointment.
19. On March 26, 2026, Moreno's maintenance benefits were suspended due to non-compliance.
20. On April 2, 2026, Moreno scheduled a follow-up appointment with his medical provider.
21. On April 16, 2026, Moreno attended the follow-up appointment and was instructed by his medical provider to seek physical therapy and a work conditioning program to return to full duties.
22. On April 16, 2026, Moreno was issued an Outpatient referral for work conditioning therapy.
23. On April 16, 2026, Moreno informed his medical provider that he had returned to work duties, installing siding and painting houses.
24. On April 16, 2026, the Defendant's maintenance benefits were reinstated.
25. Each of the letters accompanying the maintenance checks that the Defendant received specifically stated:

By accepting this payment, you hereby certify that you are not fit for duty, have not been employed, and have not earned any monies during the above noted payment period.

26. On April 28, 2026, the physical therapy provider advised that Moreno had not scheduled an appointment, despite the provider having contacted Moreno three times over a span of a week.

27. On May 4, 2026, the physical therapy provider confirmed that Moreno was scheduled to start a work conditioning evaluation on May 12, 2026.

28. On May 19, 2026, the physical therapy provider advised that Moreno had rescheduled the initial work conditioning evaluation twice and was now scheduled to attend on May 26, 2026.

29. By letter dated May 22, 2026, Plaintiff's counsel informed Moreno's counsel that maintenance and cure benefits would be suspended or terminated if Moreno failed to continue with curative care, communicate with treating providers regarding scheduling, or to provide reasonable grounds/extenuating circumstances for refusing care.

30. On May 26, 2026, the Defendant attended an initial evaluation for a Work Conditioning Program.

31. On May 26, 2026, the Defendant was prescribed a care plan of three (3) visits per week for four (4) weeks by his medical provider.

32. On June 23, 2026, Moreno's physician opined that:

***Patient is feeling very well with no significant symptoms and full strength. He can return to full duties working on a fishing boat without restriction.***

33. As of this writing, Moreno continues to receive Maintenance and Cure benefits.

**COUNT I**
**ACTION FOR DECLARATORY RELIEF ON OBLIGATION TO PAY FURTHER MAINTENANCE AND CURE**

34. JTBK hereby repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 33 as if set forth herein.

35. Moreno has repeatedly and willfully refused to seek medical treatment for his injuries, despite repeated attempts by medical providers to facilitate his care.

36. Moreno has repeatedly and willfully refused to seek medical treatment for his injuries, despite being put on notice by JTBK's counsel that benefits would be suspended or terminated for his noncompliance.

37. Moreno's counsel had advised him to schedule and attend medical appointments in order to continue receiving maintenance benefits.

38. Under the Doctrine set forth in *Lipari v. Maritime Overseas Corp*., 493 F.2d 207, 1974 A.M.C. 214 (3d Cir. 1974), maintenance and cure benefits may be suspended or discontinued where a seaman willfully refuses and/or abandons reasonable efforts to obtain treatment.

39. Maintenance and Cure benefits can be terminated by a finding that Moreno is fit for duty without restrictions.

40. Moreno received a fit for duty note, without restrictions, on June 23, 2026.

WHEREFORE, the Plaintiff, J.T.B.K. Fishing Corp., prays that this Honorable Court declare and enter judgment for Plaintiff, J.T.B.K. Fishing Corp., on Count I of its Complaint for Declaratory Judgment against the Defendant, Walther Mejia Moreno, and enter an Order providing the following:

1. That the Plaintiff, J.T.B.K. Fishing Corp., has satisfied and no longer has the obligation to pay maintenance and cure benefits to the Defendant, Walther Mejia Moreno, relating to his alleged November 17, 2025, injuries; and
2. All other relief this Honorable Court deems just and equitable.

Dated: September 10, 2026

Respectfully submitted,

The Plaintiff,
J.T.B.K. Fishing Corp.

By its attorneys,

*_/s/ John J. Bromley_*__________
John J. Bromley, BBO No. 672134
Jeanne M. Donohue, BBO No.
HOLBROOK & MURPHY
238 Lewis Wharf
Boston, MA 02110
(617) 688-5210
jbromley@holbrookmurphy.com
jdonohue@holbrookmurphy.com

## CERTIFICATE OF SERVICE

I certify that on September 10, 2026, I electronically filed this Complaint for Declaratory Relief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John J. Bromley*__________
John J. Bromley